# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANATOLIO CLAVIJO-URBANO, | Case No. 2:26-cv-00709 JLT CDB (HC) |
| Petitioner, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN PART; GRANTING GRANT PETITION FOR WRIT OF HABEAS CORPUS; ORDERING RESPONDENTS TO PROVIDE A BOND HEARING |
| v. | |
| WARDEN OF CALIFORNIA CITY CORRECTIONAL CENTER, *et al.*, | |
| Respondents. | (A-Number 246 060 646) |
| | (Doc. 9) |

Anatolio Clavijo-Urbano, a federal immigration detainee, initiated this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on March 5, 2026, while in custody of the Immigration and Customs Enforcement at the California City Correctional Facility. (Doc. 1.)

On May 8, 2026, the magistrate judge issued findings and recommendations to grant the Petition. (Doc. 9.) The magistrate judge found that Respondents failed to apply the correct statutory scheme and detained Petitioner unlawfully. (*Id*. at 9–12.) Determining that Petitioner was already present and had resided in the United States for over 25 years when he was first arrested and detained by ICE in December 2025, the magistrate judge concluded that 8 U.S.C. § 1226(a) applies. (*Id*.) The magistrate judge recommended that Petitioner be immediately released. (*Id.* at 12-14.)

The Court served the findings and recommendations on the parties and notified them that any objections were to be filed within seven days. (*Id.* at 14.) On the same day the findings and recommendations were issued, Petitioner filed a motion to expedite his petition. (Doc. 10.) Petitioner did not include any objections to the findings and recommendations. (*See id.*) On May 14, 2026, Respondents filed objections to the findings and recommendations. (Doc. 11.) In their filing, Respondents assert only that they object to the findings and recommendations for the reasons set forth in their response to the petition. (*Id.* at 1, *citing* Doc. 7).

According to 28 U.S.C. § 636(b)(1)(C), this Court performed a de novo review of this case. Having carefully reviewed the matter, the Court concludes that the findings and recommendations are supported by the record and proper analysis in part. The Court concurs with the magistrate judge that § 1226(a) governs Petitioner's custody. However, the Court departs as to the appropriate relief because Petitioner has not yet been formally evaluated by any immigration authority regarding his flight risk or danger to the community.[1] For this reason, Petitioner's circumstances are materially indistinguishable from other cases in which this Court has granted bond hearings to individuals who have resided in the United States for various periods of time without ever interacting with immigration officials prior to their challenged detention. *See, e.g.*, *R.P.V. v. Wofford*, No. 1:26-CV-01010 JLT EPG (HC), 2026 WL 494748, at \*2 (E.D. Cal. Feb. 23, 2026); *Lopez v. Chestnut*, No. 1:26-CV-01455-JLT-EPG, 2026 WL 640887, at \*1 (E.D. Cal. Mar. 6, 2026). Thus, the Court **ORDERS**:

1.  The findings and recommendations (Doc. 9) issued on May 8, 2026, are **ADOPTED IN PART**.

2.  The petition for writ of habeas corpus (Doc. 1) is **GRANTED**.

3.  Petitioner's motion for order to show cause and expedited hearing (Doc. 10) is **DENIED** as moot.

4.  Respondents are **ORDERED** to provide Petitioner with a bond hearing in accordance with 8 U.S.C. § 1226(a) within **14 days** of the date of this Order, in which the parties

---

[1] The Court notes that it is undisputed that Petitioner was granted rehabilitative post-conviction relief in 2022 from his one misdemeanor conviction, which dates to 1998. (Doc. 7 at 2.)

2

will be allowed to present evidence and argument about whether Petitioner is a danger to the community and/or presents a flight risk if not detained.

5. At least 72 hours before the scheduled hearing, the Petitioner **SHALL** receive notice of the hearing. He **SHALL** have the right to be represented by counsel at the hearing, and he **SHALL** be entitled to appear at the hearing. If counsel has filed an appearance in the immigration proceedings, at least 72 hours before the hearing, counsel **SHALL** receive notice of the scheduled hearing.

6. The Clerk of Court is directed to **CLOSE THE CASE**.

IT IS SO ORDERED.

Dated:   **May 20, 2026**

UNITED STATES DISTRICT JUDGE

3